THOMAS W. O'CONNELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
O'Connell v. Commissioner
Docket No. 1579-78.
United States Tax Court
T.C. Memo 1981-22; 1981 Tax Ct. Memo LEXIS 721; 41 T.C.M. (CCH) 730; T.C.M. (RIA) 81022; January 26, 1981. *721 Held, petitioner is not entitled to claimed rental and automobile expense deductions; held further, petitioner is not entitled to a legal and other professional services expense deduction in excess of the amount allowed by respondent. Thomas W. O'Connell, pro se. Kenneth Bersani, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $ 16,429.80 deficiency in petitioner's 1973 income tax and an addition to tax of $ 1,815.75, pursuant to section 6653(a). After concessions, the remaining issues for decision are: (1) whether petitioner is entitled to a claimed rental expense deduction; (2) whether petitioner is entitled to a claimed automobile expense deduction; and (3) whether petitioner is entitled to a legal and other professional services expense deduction in excess of the amount allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Thomas W. O'Connell (hereinafter petitioner) resided in Rochester, New York, when he filed his 1973 Federal income tax return which the Internal Revenue Service Center, Andover, Massachusetts, and when *722 he filed his petition in this case. Petitioner is an attorney at law, who practices in the Rochester, New York, area. Petitioner operates his law practice as a sole proprietorship. In 1963, petitioner and his wife transferred the land and building they owned at 65 South Washington Street, Rochester, New York, to a newly formed corporation, the 65 South Washington Street Corporation (hereinafter corporation). During 1973, petitioner conducted his law practice from office space he occupied in the 65 South Washington Street property. During 1973, the corporation employed Margaret Northrup as a secretary. Her principal responsibility was answering the telephone. Margaret Northrup was also employed by petitioner as an independent executive secretary during 1973, and she was so employed at the time of the trial in this case. Margaret Northrup's signature appears on a purported receipt for a rental payment of $ 10,000 made by petitioner to the corporation for "office premises, law books and furniture and equipment for the Calendar year 1973." This receipt was not dated. On his 1973 return, petitioner claimed rental and automobile expense deductions of $ 10,000 and $ 3,000, *723 respectively, and a legal and other professional services expense deduction of $ 14,367.48. In the notice of deficiency, respondent disallowed these deductions. OPINION The first issue for decision is whether petitioner is entitled to the claimed rental expense deduction for 1973. Petitioner placed into evidence the purported rental payment receipt he received from the corporation and maintains that this receipt proves he is entitled to the claimed rental expense deduction. Respondent, however, argues that this receipt should not be given any weight as evidence and, therefore, petitioner has failed to prove he is entitled to the claimed deduction. We view the receipt submitted into evidence by petitioner as wholly unreliable and refuse to accord it any weight. The receipt was signed by Margaret Northrup, a secretary for both petitioner and the corporation. Clearly, she cannot be considered a disinterested third party. Furthermore, when asked during the trial of this case whether Margaret Northrup worked as a secretary for the corporation, petitioner stated: "[o]nly to the extent she took care of the telephone for them, and things like that." Yet, in the face of this testimony, *724 petitioner expects us to believe that her duties included signing a receipt for a rental payment of $ 10,000, which petitioner testified he paid in cash. Significantly, while Margaret Northrup was still employed by petitioner at the time of the trial in this case, petitioner did not offer her testimony into evidence in support of the alleged receipt. Petitioner's failure to offer her testimony into evidence implies that such testimony would have been unfavorable. See Bresler v. Commissioner, 65 T.C. 182, 188 (1975). Estate of Carter v. Commissioner, 35 T.C. 326, 336 (1960), affd. 298 F. 2d 192 (8th Cir. 1962); Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F. 2d 513 (10th Cir. 1947). Moreover, petitioner's testimony left much to be desired.Although petitioner testified that his tenancy was from month to month, he was unable to recall the amount of the monthly rental payments. Furthermore, while the record shows that petitioner and his wife were involved in the formation of the corporation, petitioner's testimony failed to clarify his own and his wife's connection *725 with the corporation in 1973.Initially, when asked how much of the corporation's stock his wife owned in 1973, petitioner testified that he believed she did not own any stock. Subsequently, however, when asked whether his wife had ever owned any of the corporation's stock, petitioner refused to answer on the grounds that this information was privileged because he had acted as his wife's attorney on several occasions. In addition, while petitioner testified that he was the corporation's attorney, he also testified that he did not know "off hand" who owned the corporation's stock. Aside from the purported receipt, petitioner's testimony was the only other evidence offered in support of the claimed rental expense deduction. Needless to say, we found petitioner's testimony wholly without credibility. Under these circumstances, we hold that petitioner has failed to prove he is entitled to any of the claimed rental expense deduction and, therefore, sustain respondent's determination on this issue. See Rule 142(a), Tax Court Rules of Practice and Procedure.
We must now decide whether petitioner is entitled to the claimed automobile expense deduction for 1973. Petitioner maintains *726 that he incurred the claimed automobile expenses for local travel in connection with his law practice during 1973. Petitioner's self-serving testimony, however, is the only evidence in the record to support the claimed deduction. Moreover, petitioner's own testimony was vague and inconclusive. On this record, petitioner has failed to substantiate any of the claimed automobile expense deduction, and accordingly, we sustain respondent's determination. Finally, we must consider whether petitioner is entitled to a legal and other professional services expense deduction in excess of the amount allowed by respondent. Respondent has conceded that petitioner is entitled to $ 14,005.63 of the claimed deduction. Apparently, the difference between the amount conceded by respondent and that claimed by petitioner is due to a mathematical error by one of the parties. Since petitioner offered no evidence to prove that his calculation of the claimed expense is correct, he may not deduct an amount greater than that allowed by respondent.
To reflect the foregoing, Decision will be entered under Rule 155.